323 So.2d 635 (1975)
Gary P. McDONALD, Appellant,
v.
Thomas Earl MOORE, M.D., Appellee.
No. 74-1700.
District Court of Appeal of Florida, Third District.
December 2, 1975.
Rehearing Denied January 12, 1976.
Milton Kelner, Miami, for appellant.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Mark Hicks, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an appeal by Gary P. McDonald, plaintiff in the trial court, from a judgment on a jury verdict for compensatory damages in the amount of $5,000 in the plaintiff's favor, in an action for malpractice against Dr. Thomas Earl Moore. McDonald contends that the amount of the verdict is inadequate due to the trial court's striking his claim for punitive damages.
The plaintiff, a narcotics addict, underwent treatment by Dr. Moore, a psychiatrist. The treatment included daily prescriptions for methadone. McDonald agreed to permit Dr. Moore to perform a series of six electric shock treatments in order to cure his addiction to methadone without the pain of withdrawal. During the fifth treatment, McDonald complained *636 of extreme pain in his left shoulder. The doctor minimized the importance of his complaint and convinced McDonald to proceed with the sixth treatment on the next day. After the sixth treatment, McDonald discovered that his shoulder had been dislocated and fractured by the shock treatments. The evidence showed that Dr. Moore failed to warn McDonald of the danger of a shoulder fracture and that he did not administer a muscle relaxant before the electric shock. One of the plaintiff's medical experts testified that it was not the usual practice to give shock treatments without utilizing the muscle relaxant; the other testified that such omission fell below the standard of care. They both testified that failure to advise the patient of the risk of fractures encountered with shock treatments was conduct below the standard of care.
During the trial, after the plaintiff had presented all of his evidence relating to the issue of punitive damages, the trial court struck his claim for punitive damages.
In the recent case of Buie v. Barnett First National Bank of Jacksonville, Fla. 1972, 266 So.2d 657, 659, the Florida Supreme Court stated:
"Punitive or exemplary damages are allowable, however, solely as punishment or `smart money' to be inflicted for the malicious or wanton state of mind with which the defendant violated plaintiff's legal right, and can only be imposed in cases where either by direct or circumstantial evidence some reasonable basis for an inference of wantonness, actual malice, deliberation, gross negligence, or utter disregard of law on defendant's part may be legitimately drawn by the jury trying the case." [Quoting Winn v. Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 222, 223.]
In Richards Company v. Harrison, Fla. App. 1972, 262 So.2d 258, 262, the First District Court of Appeal also stated that punitive damages are allowable in circumstances where the defendant:
"... acts willfully or with such gross negligence as to indicate a wanton disregard of the rights of others. Punitive damages need not flow from an intentional course of conduct or intent to inflict damages but may also be allowed in such cases where there is that entire want of care which would raise the presumption of a conscious indifference to the consequences of one's action or inaction."
The record presented in the instant case fails to demonstrate wanton disregard for the plaintiff's rights or an entire want of care raising a presumption of conscious indifference to the consequences. Thus, we cannot say that the trial judge committed reversible error in striking the claim for, and refusing to charge the jury on, punitive damages.
McDonald's other two points, as well as the points raised on appeal by Dr. Moore, are not well taken and will not be discussed.
Affirmed.