MOORE, Judge.
This is an appeal from a final judgment in favor of the plaintiff who was a customer of Auto Safety Services, Inc. The plaintiff sustained injury when Auto Safety’s watch dog jumped on him knocking him to the ground. Plaintiff was awarded $42,000 as compensatory damages for his injuries and his wife was awarded $10,000 on her derivative claim. The plaintiff was also awarded $3,500 as punitive damages.
The only point on appeal which we consider to have merit concerns the propriety of the award of punitive damages. Appellant contends, and we agree, that its motion for directed verdict on the issue of punitive damages should have been granted because there was insufficient evidence to support such an award.
The general principles applicable to awards of punitive damages have constantly been reiterated and are not in dispute:
“Punitive or exemplary damages are allowable, however, solely as punishment or ‘smart money’ to be inflicted for the malicious or wanton state of mind with which the defendant violated plaintiff’s legal right, and can only be imposed in cases where either by direct or circumstantial evidence some reasonable basis for an inference of wantonness, actual malice, deliberation, gross negligence, or utter disregard of law on defendant’s part may be legitimately drawn by the jury trying the case.” Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 222-223 (Fla.1936). See also, Buie v. Barnett First National Bank of Jacksonville, 266 So.2d 657, 659 (Fla.1972).
In the instant case, the dog allegedly had been involved in two prior incidents. The dog’s owner was aware that the dog had previously bitten one person who drove into the owner’s premises seeking roadway instructions at a time when the premises were closed to the public. The testimony concerning the second incident is very ambiguous and it appears that the dog’s owner never learned of the incident. A review of the totality of the evidence fails to reveal any reasonable basis from which the jury could have inferred wantonness, actual malice, deliberation, gross negligence, or utter disregard of the law on the defendant’s part. Its motion for directed verdict on the issue of punitive damages therefore should have been granted.
Although we consider the jury’s award of damages to be generous, they are not such as to shock the judicial conscience and we may not substitute our judgment for that of the jury.
AFFIRMED in part; REVERSED in part.
DOWNEY, C. J., and RIVKIND, LEONARD, Associate Judge, concur.