374 So.2d 533 (1979)
A-T-O, INC., a Foreign Corporation, D/B/a Safway Steel Products Co., Appellant,
v.
Juan GARCIA et al., Appellees.
Juan GARCIA et al., Appellants,
v.
A-T-O, INC., Etc., et al., Appellees.
Nos. 78-1013, 78-1014 and 78-1139.
District Court of Appeal of Florida, Third District.
July 3, 1979.
Rehearing Denied September 25, 1979.
*534 Walton, Lantaff, Schroeder & Carson, Daniels & Hicks and Sam Daniels, Miami, for A-T-O.
Horton, Perse & Ginsberg and Edward A. Perse, Ratiner & Glinn, Miami, for Garcia.
Adams & Ward and Frank Angones, Miami, for Serra.
Kuvin, Klingensmith & Lewis and R. Fred Lewis, Miami, for American.
Before PEARSON and SCHWARTZ, JJ., and CHAPPELL, BILL G., Associate Judge.
PEARSON, Judge.
These appeals arise out of the same trial in which Juan Garcia and Inez Garcia, his wife, were the plaintiffs, and the defendants were American Mobile Corporation and A-T-O, Inc., doing business as Safway Steel Products Co. The action sought recovery for injuries received by Mr. Garcia when a portable mobile scaffold collapsed. The scaffold was manufactured by American Mobile and sold to A-T-O. A-T-O, in turn, leased the mobile scaffold to Serra Plastering Corporation, which was Mr. Garcia's employer.
Prior to trial, the Garcias settled with American Mobile for $1,445,673.12 under a settlement agreement whereby the Garcias agreed to proceed against A-T-O on a negligence theory only and also agreed to indemnify and hold American Mobile harmless as to A-T-O's indemnity claim against American Mobile. In the trial of the Garcias' negligence claims against A-T-O, the jury awarded the Garcias $1,600,000 compensatory damages ($1,500,000 for Mr. Garcia and $100,000 for Mrs. Garcia) and $1,000,000 punitive damages against A-T-O. On post-trial motions, the trial court granted A-T-O's motion for directed verdict regarding punitive damages and entered a judgment for the defendant A-T-O on the punitive damage claim.[1] The same order on post-trial motions provided for a new trial on the punitive damage claim in the event the judgment on directed verdict should be reversed.[2] The final judgment *535 included a final compensatory damage judgment for the Garcias for $154,326.88 ($1,600,000 minus the $1,445,673.12 settlement). The final judgment further provided that the cross-claim of the defendant A-T-O against the defendant American Mobile Corporation seeking indemnity was dismissed with prejudice for failure to state a cause of action. In addition, the court entered a summary final judgment for Serra on A-T-O's indemnity claim against it.
The first appeal was filed by A-T-O and seeks reversal of an order dismissing its cross-claim for indemnification filed against American Mobile. The second appeal was also filed by A-T-O and seeks reversal of a summary final judgment for the defendant in A-T-O's third party complaint seeking indemnification from Serra. The third appeal was by the plaintiffs Garcia. It seeks reversal of a post-verdict order which set aside a verdict awarding one million dollars to the Garcias as punitive damages against A-T-O.
We first consider the appeal by A-T-O seeking reversal of the order dismissing its cross-claim for indemnity against American Mobile. The cross-claim was filed prior to the settlement between the Garcias and American Mobile. In pertinent part, the claim adopted the complaint filed by the Garcias. It alleged as follows:
"1. Defendant/Cross-claimant adopts the Complaint, subject to the admissions and denials in its Answer above.
"2. Defendant is informed that the machine involved in this accident was an `Eliminator', Serial No: 24045, manufactured by the Cross-defendant and sold to this Defendant.
"3. That the accident and injuries of which Plaintiffs complain was the sole fault of the Cross-defendant in the negligent manufacture or design of the machinery in question.
"4. That the Cross-defendant breached its implied and express warranties to this Defendant, and that said breach of warranties is the sole cause of the accident and injuries of which Plaintiffs complain.
"5. That, as the designer and manufacturer of the machinery in question, the Cross-Defendant is strictly liable to the Plaintiffs, and as a result by operation of law, is strictly liable to indemnify and hold harmless this Defendant."
Thus, A-T-O was proceeding on the same allegations of negligence as those alleged in the Garcias' complaint. That complaint charged A-T-O with active negligence in failing to inspect and in leasing defective equipment which it knew or should have known to be defective. The jury verdict, even after the settlement by the Garcias with the manufacturer American Mobile, found the defendant A-T-O guilty of active negligence to the extent that it awarded punitive damages against A-T-O for its negligence. It is clear that in this position, A-T-O is not a passive tort-feasor and cannot avail itself of indemnity in reliance upon this court's opinion in General Motors Corporation v. County of Dade, 272 So.2d 192 (Fla. 3d DCA 1973). Rather, the dismissal of the counterclaim would be, at the most, harmless error. We hold that no error has been shown under the principles stated in Stuart v. Hertz Corporation, 351 So.2d 703 (Fla. 1977); see also Dura Corporation v. Wallace, 297 So.2d 619 (Fla. 3d DCA 1974), and Winn-Dixie Stores, Inc. v. Fellows, 153 So.2d 45 (Fla. 1st DCA 1963).
We turn now to A-T-O's appeal which seeks reversal of the summary final judgment entered after trial of the negligence action which holds that A-T-O is not entitled to indemnification from Serra Corporation, the lessee of the machine. This complaint attempted to proceed both on the active-passive theory of indemnification and upon a written indemnity provision printed on the reverse side of the delivery receipt. As to the active-passive theory against Serra, there is a total lack of a factual basis for a holding that Serra was actively negligent. The written indemnity agreement whereby *536 Serra expressly agreed to indemnify A-T-O against the consequences of A-T-O's own negligence is defeated by the terms of Section 725.06, Florida Statutes (1975).[3] The depositions on file and the indemnity agreement itself conclusively established that the indemnity agreement did not contain a monetary limitation nor did it give any specific consideration for the claimed indemnification. A-T-O suggests that there was an issue of whether that portion of the instrument involved, that is, the lease of the mobile scaffold, was an agreement in connection with construction. It is suggested that the mobile scaffold might have been used in some other way. Such speculation will not defeat the clear intent of the statute. The proof before the trial court at the time of the entry of the summary judgment conclusively shows that the mobile scaffold was designed and used as an aid in construction.
We turn now to the appeal by the plaintiffs Garcia which seeks reversal of that portion of the judgment which set aside their recovery against A-T-O of $1,000,000 punitive damages pursuant to A-T-O's renewed motion for a directed verdict. The controlling question here must be whether there is evidence in this record which would reasonably and legally support the verdict for punitive damages. See Hartnett v. Fowler, 94 So.2d 724 (Fla. 1957); Tiny's Liquors, Inc. v. Davis, 353 So.2d 168 (Fla. 3d DCA 1977), and Chowning v. Pierce, 174 So.2d 42 (Fla. 3d DCA 1965). The supportive portions of the order appealed have been previously quoted in footnote [2]. It is sufficient here to note that the trial judge found from his review of the evidence that there was none which could support the verdict for punitive damages.
The area within which punitive damages are allowable by a jury was fully explored by the Supreme Court of Florida as early as Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936). In that case, it was held:
"But damages known as exemplary or punitive damages (smart money) are altogether of a different character than vindictive damages when allowed by way of increased compensation for increased injury occasioned by circumstances of aggravation attending the commission of a tort. Exemplary damages are given solely as a punishment where torts are committed with fraud, actual malice, or deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others. Exemplary or punitive damages are therefore damages ultra compensation, and are authorized to be inflicted when the wrong done partakes of a criminal character, though not punishable as an offense against the state, or consists of aggravated misconduct or a lawless act resulting in injury to plaintiff when sought to be redressed by a civil action for the tort."
See also Auto Safety Service, Inc. v. Martein, 362 So.2d 455 (Fla. 4th DCA 1978); McDonald v. Moore, 323 So.2d 635 (Fla. 3d DCA 1975), and Hutchinson v. Lott, 110 So.2d 442 *537 (Fla. 1st DCA 1959).[4] Able counsel for the Garcias has discussed every aspect of the negligence which a jury could have found attributable to A-T-O. It would take many pages to discuss each contention of the appellants Garcia as regards this negligence. We think it is sufficient to say that each of them taken individually amounts to simple negligence and that taken cumulatively, they do not meet the requirement that, to be a basis for punitive damages, the negligence must be so gross as to indicate a wanton disregard of the rights of others. Therefore, we find no error in the trial court's post-trial order directing a verdict for the defendant A-T-O on the punitive damage issue.[5]
Having determined that the trial judge's order directing the verdict on the punitive damage issue is not error, we need not consider the appropriateness of the alternative order for a new trial on that issue.
Having considered the appeals and finding the judgment is in each case proper from the record compiled in the trial court, the judgments, and each of them, are affirmed.
Affirmed.
NOTES
[1] The grounds stated in the judgment are as follows:

* * * * * *
"The record contains no evidence which would permit a jury to find that the defendant, A-T-O, INC., acted with malice, moral turpitude, wantonness, willfullness or reckless indifference to the rights of others. The defendant, A-T-O, INC., did not manufacture the machine in question and did not create the defect which caused the accident. While the jury on the evidence adduced had the right to find the defendant, A-T-O, INC., guilty of simple negligence and answerable for compensatory damages, the record contains no predicate for a jury finding that punitive damages should be awarded."
[2] The grounds stated in the judgment for the new trial are as follows:

* * * * * *
"(a) the verdict finding the defendant, A-T-O, INC., liable for punitive damages is contrary to the manifest weight of the evidence, and indicates that the jury was influenced by considerations outside the record; and
"(b) the $1,000,000 punitive award is excessive because the record does not demonstrate the degree of maliciousness and/or outrageous disregard for the plaintiffs' rights required to sustain a $1,000,000 punitive damage award."
[3] "§ 725.06 Construction contracts; limitation on indemnification

"Any portion of any agreement or contract for, or in connection with, any construction, alteration, repair, or demolition of a building, structure, appurtenance, or appliance, including moving and excavating connected with it, or any guarantee of, or in connection with, any of them, between an owner of real property and an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman, or between any combination thereof, wherein any party referred to herein obtains indemnification from liability for damages to persons or property caused in whole or in part by any act, omission, or default of that party arising from the contract or its performance shall be void and unenforceable unless:
(1) The contract contains a monetary limitation on the extent of the indemnification and shall be a part of the project specifications or bid documents, if any, or
(2) The person indemnified by the contract gives a specific consideration to the indemnitor for the indemnification that shall be provided for in his contract and section of the project specifications or bid documents, if any."
[4] Modified on other grounds at 344 So.2d 279, 282.
[5] Any error committed by the trial court in allowing the question of punitive damages to go to the jury, see Laird v. Potter, 367 So.2d 642, 645 (Fla. 3d DCA 1979), was rendered harmless by the post-verdict examination of the punitive damages award in light of the evidence presented. See Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 328-329, 171 So. 214, 222, where it is stated to be "[t]he province of the court ... likewise to review after verdict the reasonableness of the amount of award of such damages under the evidence, in cases where same have been submitted to the jury to assess, and are included in the verdict." But cf. Wackenhut Corporation v. Canty, 359 So.2d 430, 435-436 (Fla. 1978).