MARSTILLER, J.
Griswold Ready Mix Concrete, Inc. (“Griswold”), appeals a final judgment awarding Pumpco, Inc. (“Pumpco”) $69,378.39 in attorney’s fees and $65,000 as “additional costs” on its cross-claim against Griswold for contractual indemnity. The “additional costs” constitute the amount Pumpco paid to Appellee, Tony Reddick (“Reddick”), to settle his negligence claims. Because we determine the indemnity provision at issue is void under section 725.06, Florida Statutes (2007), we reverse the judgment and remand the cause for further proceedings.
Griswold is in the business of supplying and delivering concrete. At the request of a residential builder, Griswold delivered cement to pour the foundation of a home under construction in Jacksonville. The job required use of a pump truck to get *986 cement to the foundation pour-site because Griswold’s cement truck, for whatever reason, could not get close enough to the site. Thus, Griswold engaged Pumpco, with whom it maintained an account, to lease a pump truck. Pumpco also provided a pump operator. As is its practice, Pumpco completed and gave Griswold a work order for the job. The reverse side of the work order provided, in pertinent part:
3. Lessee [Griswold] agrees to [at] its sole expense:
[[Image here]]
(g) To assume all risks and liabilities for and to indemnify Lessor [Pumpco] and Lessor’s agents against all claims, actions, suits, penalties, expenses and liabilities, including attorneys fees, whether or not covered by insurance, for (i) loss or damage to the Equipment; (ii) injuries or deaths of any persons; and (ii)[sic] damage to any property, howsoever arising or incurred from or incident to the use, operation or possession of the Equipment, unless such claims, actions, suits, penalties, expenses or liabilities are caused solely by the intentional conduct of the Lessor or its agents.
Reddick, a foreman for another concrete company, happened to be on the construction site when Griswold and Pumpco were delivering and pouring the concrete. He claimed he was injured when the hose from the pump truck somehow hit him, knocking him to the ground. Reddick filed negligence claims against Griswold and Pumpco, and after settling Reddick’s claims for $65,000, Pumpco sought indemnification from Griswold under the provision quoted above.
In defending against Pumpeo’s motion for summary judgment, Griswold argued, among other things, that the indemnification provision is void under section 725.06 because it contains no monetary limitation. The trial court found the provision valid and enforceable, reasoning that the statute applies only to construction or construction-related contracts in which one party is the property owner. We conclude the court erred in its reading of the statute.
Section 725.06(1) reads, in part:
Any portion of any agreement or contract for or in connection with, or any guarantee of or in connection with, any construction, alteration, repair, or demolition of a building, structure, appurtenance, or appliance, including moving and excavating associated therewith, between an owner of real property and an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman or any combination thereof wherein any party referred to herein promises to indemnify or hold harmless the other party to the agreement for liability for damages to persons or property caused in whole or in part by any act, omission, or default of the in-demnitee arising from the contract or its performance, shall be void and unenforceable unless the contract contains a monetary limitation on the extent of the indemnification that bears a reasonable commercial relationship to the contract and is part of the project specifications or bid documents, if any.
(Emphasis added.) Pumpco contends that the statute governs only contracts between “an owner of real property” and any combination of the other parties listed. We do not read the phrase “or any combination thereof’ as limiting the statute’s operation in that way. Rather, we read the phrase to mean that if any combination of the parties named therein (e.g., a general contractor, a subcontractor, and a material-man) contracts for indemnification, the provision must include a monetary limit of *987 liability.[1]
Our reading of the statute is supported by A-T-O, Inc. v. Garcia, 374 So.2d 533 (Fla. 3d DCA 1979), a case factually similar to the one before us, in which the Third District applied an earlier but similarly-worded version of the statute[2] to an indemnity agreement between the owner/lessor of construction equipment (mobile scaffolding) and the lessee of the equipment. The provision at issue was printed on the reverse side of a delivery receipt, and by its terms, the lessee agreed to indemnify the lessor for any damages arising from the lessor’s negligence. Id. at 535-36. The scaffolding failed, the injured worker sued the lessor for negligence and won, and the lessor, in turn, sought indemnity from its lessee. The court held that the indemnity provision was “defeated by the terms of [section 725.06]” because it “did not contain a monetary limitation....” Id. at 536.
The indemnity provision at issue in this case does not contain a dollar limit to Griswold’s potential liability. For that reason, it is void and unenforceable as provided in section 725.06, and the trial court erred in ruling otherwise. Accordingly, we reverse the final judgment.on appeal and remand the cause for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ROWE and SWANSON, JJ„ concur.

. Pumpco asserts that section 725.06 evinces the Legislature’s intent to protect only property owners from unlimited indemnity liability. But the statute's language simply does not bear this out because it says: "Any portion of any agreement or contract ... wherein any party referred to herein promises to indemnify or hold harmless the other party....” (Emphasis added.)

. Section 725.06, Florida Statutes (1975), read:
Any portion of any agreement or contract for, or in connection with, any construction, alteration, repair, or demolition of a building, structure, appurtenance, or appliance, including moving and excavating connected with it, or any guarantee of, or in connection with, any of them, between an owner of real property and an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman, or between any combination thereof, wherein any party referred to herein obtains indemnification from liability for damages to persons or property caused in whole or in part by any act, omission, or default of that party arising from the contract or its performance shall be void and unenforceable unless:
(1) The contract contains a monetary limitation on the extent of the indemnification and shall be a part of the project specifications or bid documents, if any, or
(2) The person indemnified by the contract gives a specific consideration to the indem-nitor for the indemnification that shall be provided for in his contract and section of the project specifications of bid documents, if any.