# Third District Court of Appeal
## State of Florida

Opinion filed January 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0833
Lower Tribunal No. 21-14088-CA-01
_____

**Five Fran, LLC,**
Appellant,

vs.

**Roy Davis,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

The Law Offices of K. Elaine White, P.A., and K. Elaine White (Weston), for appellant.

The Law Offices of Rhonda F. Gelfman, P.A., and Rhonda F. Gelfman and Matthew Graham, for appellee.

Before EMAS, FERNANDEZ and BOKOR, JJ.

EMAS, J.

## INTRODUCTION

Five Fran, LLC, the defendant below, appeals an order granting plaintiff's motion to amend his complaint to add a claim for punitive damages. Because Davis has failed to make a reasonable showing, by evidence in the record or proffered, which would provide a reasonable basis for recovery of such damages, we conclude that the trial court erred in granting the motion, and reverse.

## FACTUAL AND PROCEDURAL HISTORY

On April 14, 2021, Roy Davis was walking on the sidewalk in front of a home when he was attacked by a dog who was located inside the fence of the home. Davis was bitten on his left arm. He filed suit against the dog owner, Tangela Walters, and the homeowner, Five Fran, LLC ("Five Fran"), for negligence.

Following Five Fran's amended answer to the complaint and the denial of its motion for summary judgment, Davis moved to amend his complaint to assert a claim for punitive damages against Five Fran. Davis contended that Five Fran was grossly negligent because it "knowingly or recklessly permitted a dangerous dog to reside on the subject property surrounded by a short fence," and "had its (or its contractors') commercial vehicles block the city property sidewalk which forced pedestrians and [Davis] to walk directly

adjacent to the subject property to remain on the sidewalk, and thus, Five Fran knowingly created a 'zone of danger.'"

Davis further alleged in his motion that Five Fran "obviously knew of the dangerous dog as it had placed on its property, a warning of the dog(s), being on its property." Davis proffered the following evidence in his motion: (1) Walters owned multiple American Pit Bulls, which are deemed dangerous dogs and illegal in Florida; (2) Five Fran allowed Walters to continue living on the property after it purchased it from her, knowing she owned these dangerous dogs because there were "Beware of Dogs" signs posted on the short fence around the property, which was inadequate to keep the dogs from biting him; and (3) there were commercial vehicles parked on the sidewalk when Davis walked by on the day of the dog bite, which required him to walk close to the fence.

The evidence in the record in support of this proffer included a picture of the "Beware of Dog" signs on the property fence, and Davis' deposition, in which he testified to the events on the day of the dog bite. Although he testified there was a car parked on the sidewalk that day, there was no evidence who the vehicle belonged to, what arrangements were made between Five Fran and Walters relative to her living there, or whether, in fact,

3

the dogs were American Pit Bulls or had ever previously bitten anyone or acted in an aggressive manner.

Following a hearing, the trial court granted the motion for leave to amend to add a claim for punitive damages. This appeal followed.

**STANDARD OF REVIEW**

We review de novo an order granting leave to amend to add a claim for punitive damages. Gattorno v. Souto, 390 So. 3d 134 (Fla. 3d DCA 2024) (citing Grove Isle Ass'n, Inc. v. Lindzon, 350 So. 3d 826, 830 (Fla. 3d DCA 2022)).

**ANALYSIS**

This court has consistently recognized that in Florida, "the purpose of punitive damages is not to further compensate the plaintiff, but to punish the defendant for its wrongful conduct and to deter similar misconduct by it and other actors in the future." Lindzon, 350 So. 3d at 829-30. Section 768.72(1), Florida Statutes (2024), provides that "no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Because the addition of a claim for punitive damages can be a "game changer" to the litigation, TRG Desert Inn Venture, Ltd. v. Berezovsky, 194 So. 3d 516, 520 n.5 (Fla. 3d DCA 2016), the process

4

for asserting a claim for such damages is rather unique, in that a party may not assert such a claim without leave of the court. See Globe Newspaper Co. v. King, 658 So. 2d 518, 519-20 (Fla. 1995) (holding section 768.72 "requires a plaintiff to provide the trial court with a reasonable evidentiary basis for punitive damages before the court may allow a claim for punitive damages to be included in a plaintiff's complaint.")

To be held liable for punitive damages, the trier of fact must determine there is clear and convincing evidence "that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat. The terms "intentional misconduct" and "gross negligence" are further defined in the statute:

> (a) "Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.

> (b) "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

Id.

In this case, Davis seeks to hold Five Fran, a corporate entity, directly liable for its negligence. As our sister court cogently summarized:

5

Direct liability is one of two theories recognized in Florida through which a corporation may be liable for punitive damages. Under the direct theory, liability for gross negligence is established if the corporation itself engaged in conduct that was "so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct," and that conduct contributed to the loss of the injured party. Moreover, because a corporation cannot act on its own, "there must be a showing of willful and malicious action on the part of a managing agent of the corporation" to establish direct punitive liability.

Fla. Power & Light Co. v. Dominguez, 295 So. 3d 1202, 1205 (Fla. 2d DCA 2019) (internal citations omitted). See also Owens-Corning Fiberglas Corp. v. Ballard, 749 So. 2d 483 (Fla. 1999); Napleton's N. Palm Auto Park, Inc. v. Agosto, 364 So. 3d 1103 (Fla. 4th DCA 2023).

The statutory scheme therefore requires something of a bifurcated process: (1) to be permitted to amend the complaint to add a claim for punitive damages, the Plaintiff must make "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages" and (2) plaintiff must then present at trial clear and convincing evidence to the trier of fact "that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat.

The trial court must consider both the pleading and the evidentiary components of the motion to amend. See Crump v. Am. Multi-Cinema, Inc.,

6

383 So. 3d 880, 885 (Fla. 5th DCA 2024) ("'Absent sufficient allegations, there would be neither a reason nor a framework for analyzing the proffered evidentiary basis for a punitive damages claim.'" (citation omitted)).

Upon our review of the record, including the complaint, the motion to amend, and the accompanying proffered and record evidence, we conclude Davis has failed to make "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages," and thus, the trial court erred in granting the motion.

In his proposed amended complaint, Davis alleges:

• Five Fran owned the subject property;

• Walters lived at the property with the dog and "multiple other aggressive pack dogs;"

• The home is in a residential area where pedestrians travel on its adjacent sidewalks;

• Five Fran permitted Walters to live at the property;

• The subject property was surrounded by a short metal fence which was not adequate to protect the public from vicious dog attacks;

7

• The only precaution taken by Five Fran was to post a "Beware of Dog" sign;

• At the time of the attack, the dog was behind the fence and Davis was walking by on the "public city street right of way" when the dog suddenly, without warning, "ran and jumped onto the short property fence, placed his forepaws on the house side of the fence and thereby placed his head over and past the fence line with his paws remaining on the top of the fence," and "viciously attack[ed] [Davis]" as he passed the home, severely biting his left arm, injuring him;

• Five Fran knew, or should have known, there were "multiple aggressive dogs on the property," because of the Beware of Dog signs.

• Five Fran could have evicted Walters and her "dangerous pack of animals."

The sum and substance of Davis' pleadings, proffer and record evidence is that Five Fran owned the property; that Five Fran had purchased it from Walters a month before the incident; and that Walters was in the process of moving her things out of the home so that Five Fran could begin renovations. Even if we were to assume that Five Fran knew about the dogs,

and erected an inadequate fence (which is not established by the proffered or record evidence), there is nothing to show that Five Fran knew the dog was dangerous or that Five Fran's conduct was otherwise so "reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." § 768.72(2)(b)), Fla. Stat. See Auto Safety Serv., Inc. v. Martein, 362 So. 2d 455 (Fla. 4th DCA 1978) (wherein our sister court rejected an award of punitive damages, even though the dog owner knew the dog had previously bitten someone); Anderson v. Walthal, 468 So. 2d 291 (Fla. 1st DCA 1985).

None of these allegations, nor the proffered or record evidence submitted to the trial court, established a basis for punitive damages in this case. To be clear, we do not diminish the claims made, nor injury allegedly suffered, by plaintiff. Nevertheless, there is nothing in the showing made by plaintiff in this case which makes a reasonable showing that Five Fran's actions were of a "gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects." Est. of Despain v. Avante Grp., Inc., 900 So. 2d 637, 640 (Fla. 5th DCA 2005) ("To merit an award of punitive damages, the defendant's conduct must transcend the level of ordinary negligence and enter the realm of willful and wanton misconduct.")

9

**CONCLUSION**

Because Davis has failed to make a reasonable showing, by evidence in the record or proffered, which would provide a reasonable basis for recovery of such damages, we conclude that the trial court erred in granting the motion, and reverse and remand for further proceedings consistent with this opinion.

Reversed.