423 So.2d 407 (1982)
WESTINGHOUSE ELECTRIC CORPORATION, Appellant,
v.
TURNBERRY CORPORATION and Charles Honey, et Ux., Appellees.
No. 81-1950.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
Rehearing Denied January 5, 1983.
C. Robert Murray, Jr., of Lane, Mitchell & Harris, P.A., Miami, for appellant.
Joseph S. Kashi of Conrad, Scherer & James, Fort Lauderdale, for appellee, Turnberry Corp.
BERANEK, Judge.
Westinghouse Electric Corporation, defendant and third party plaintiff in the trial court, appeals from the adverse summary judgment on its third party complaint against Turnberry Corporation, third party defendant, seeking indemnity in compensating one Charles Honey, a worker in the employ of Turnberry, allegedly injured as *408 the result of the wrongful doing of Westinghouse Corporation. We reverse.
Westinghouse, a sub-contractor, entered into a written contract with Turnberry, the owner and developer of a 16-story condominium, under which Westinghouse was to supply and install elevators for the condominium project. Pursuant to a "temporary acceptance" agreement, Westinghouse installed and delivered the elevators 13 months ahead of schedule. Charles Honey was injured when one of the elevators malfunctioned. Honey brought suit against Westinghouse alleging negligence, breach of warranty, and strict liability. Westinghouse filed a third party action against Turnberry claiming indemnification and contribution under the written temporary acceptance agreement. The agreement reads as follows:
We desire to have possession and use of the elevators (electric stairways) upon which you are working under contract with us, dated ____ in the building known as Turnberry Isles.
As these elevators are to be used by us prior to completion and inspection, and as we recognize that you have had no opportunity to inspect and determine the character of the work you have performed, or the condition of the elevators, in consideration of your turning them over to us in an incomplete condition we agree to operate them at our risk and expense; to provide a competent operator in the car; to use your service for maintenance including 24 hour emergency call-back service and pay you therefor $75.00 per month during temporary use of the elevator. We further assume complete responsibility for any accident to persons or property, howsoever caused, and will indemnify and save you harmless against all loss, damage, claims, liability or expense arising therefrom irrespective of whether such were due to the possession, use, operation or condition of the elevators, appurtenances or hatchways, or through failure to comply with any building laws or to any other cause.
The permission hereby granted shall not affect the terms of the contract mentioned above and may be revoked upon twenty-four hours notice in writing. Any agreement thereunder to furnish supplies or care of the elevators is not to commence until the signing of the final acceptance.
Monthly Maint to be invoiced to Turnberry Corp. at $75.00 per month.
On motion for summary judgment, the trial court determined the agreement was unenforceable. The court held that the agreement did not obligate Turnberry to indemnify Westinghouse for Westinghouse's own wrongdoing and further that it failed to meet the requirements of Section 725.06, Florida Statutes (1979). Summary judgment was entered in favor of Turnberry on the third party action.
Section 725.06, Florida Statutes (1979), sets out the requirements for indemnity agreements in construction contracts. The statute reads as follows:
725.06 Construction contracts; limitation on indemnification.  Any portion of any agreement or contract for, or in connection with, any construction, alteration, repair, or demolition of a building, structure, appurtenance, or appaliance, including moving and excavating connected with it, or any guarantee of, or in connection with, any of them, between an owner of real property and an architect, engineer, general contractor, subcontractor, subsubcontractor, or materialman, or between any combination thereof, wherein any party referred to herein obtains indemnification from liability for damages to persons or property caused in whole or in part by any act, omission, or default of that party arising from the contract or its performance shall be void and unenforceable unless:
(1) The contract contains a monetary limitation on the extent of the indemnification and shall be a part of the project specifications or bid documents, if any, or
(2) The person indemnified by the contract gives a specific consideration to the indemnitor for the indemnification that shall be provided for in his contract and section of the project specifications or bid documents, if any.
*409 Furthermore, indemnity contracts are generally unenforceable unless they specifically set out in clear, unequivocal terms an intent to indemnify the indemnitee for his own wrongdoing. Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Company, 374 So.2d 487 (Fla. 1979).
Only one of the sub-sections of Section 725.06 need be satisfied since the statute reads in the disjunctive. Westinghouse admits that the contract failed to meet the requirements of subsection (1). Westinghouse maintains, however, that the requirements of subsection (2) have been met. We agree. Specific consideration was provided for in the form of early delivery of the elevators. The developer received the benefit of the contract some 13 months before the due date. This was sufficient consideration which appeared on the face of the contract. The agreement also specifically states in clear and unequivocal terms that Westinghouse is to be indemnified for its own wrongdoing.
Based on the above, we find the trial court erred in concluding that the contract was unenforceable as a matter of law. The final summary judgment is thus vacated and the matter remanded for further proceedings.
REVERSED AND REMANDED.
ANSTEAD and HERSEY, JJ., concur.