COBB, Judge.
Cuhaci & Peterson Architects, Inc. (Cu-haci) appeals the final summary judgment entered in favor of Huber Construction Company (Huber). We reverse.
Cuhaci contracted with the owner of a shopping center project to prepare the construction plans and specifications for the shopping center, which Huber had contracted with the owner to construct. During construction, Johnny Roberts, an employee of Huber’s masonry subcontractor, was killed at the shopping center construction site when an unbraced concrete block wall fell on him. Cuhaci and Huber were sued by Shirley Roberts, as personal representative of the estate of Johnny Roberts. Subsequently, final summary judgment was entered in favor of Cuhaci and Huber.
Vanguard Insurance Company paid the attorneys’ fees and costs incurred in Cuha- *1097 ci’s successful defense of Roberts’ claim pursuant to the terms of a professional liability insurance policy it had previously issued to Cuhaci. Cuhaci, for the use and benefit of Vanguard, brought the present action against Huber seeking indemnification for Vanguard’s expenditure of attorney’s fees and costs pursuant to the indemnification provision of the construction contract between Huber and the owner of the shopping center project, which provides as follows:
4.18.1 To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner and the Architect and their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorneys’ fees, arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom, and (2) is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or otherwise reduce any other right or obligation of indemnity which would otherwise exist as to any party or person described in this Paragraph 4.18.
The trial court entered final summary judgment in Huber’s favor, finding that the indemnification section of the construction contract was void and unenforceable because of section 725.06, Florida Statutes (1985), which provides as follows:
725.06 Construction contracts; limitation on indemnification. — Any portion of any agreement or contract for, or in connection with, any construction, alteration, repair, or demolition of a building, structure, appurtenance, or appliance, including moving and excavating connected with it, or any guarantee of, or in connection with, any of them, between an owner of real property and an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman, or between any combination thereof, wherein any party referred to herein obtains indemnification from liability for damages to persons or property caused in whole or in party by any act, omission, or default of that party arising from the contract or its performance shall be void and unenforceable unless:
(1) The contract contains a monetary limitation on the extent of the indemnification and shall be a part of the project specifications or bid documents, if any, or
(2) The person indemnified by the contract gives a specific consideration to the indemnitor for the indemnification that shall be provided for in his contract and section of the project specifications or bid documents, if any.
Cuhaci argues that since it was not making a claim for indemnity for its own negligence, section 725.06 was not applicable to its cause of action against Huber. We agree.
In Federal Insurance Company v. Western Waterproofing Company of America, 500 So.2d 162 (Fla. 1st DCA 1986), the First District noted as follows:
We interpret [section 725.06] to apply only in circumstances wherein a party by contract seeks to obtain indemnification from another party for its own active negligence. Under circumstances in which a party seeking indemnity is shown to be actively negligent ... the legislature intended that before such party may be indemnified for its own negligence, it must satisfy either of the two above exceptions set forth in section 725.06.[1] (Emphasis in original.)
Id. at 164. In the present case, Cuhaci sought indemnification for attorney’s fees that it incurred in successfully defending Roberts’ claim. Cuhaci did not seek indemnification for its own active negligence, *1098 and, therefore, section 725.06 was not applicable to its claim against Huber. This factor distinguishes the cases that Huber primarily relies on — Westinghouse Electric Corporation v. Turnberry Corporation, 423 So.2d 407 (Fla. 4th DCA 1982), petition for review denied, 434 So.2d 889 (Fla.1983), and A-T-O, Inc. v. Garcia, 374 So.2d 533 (Fla. 3d DCA 1979).
Accordingly, this cause is reversed and remanded for proceedings consistent with this opinion.[2]
REVERSED and REMANDED.
UPCHURCH, C.J., and SHARP, J., concur.

. Cuhaci admits that neither exception is applicable.

. The issue of res judicata was raised below by Huber, but was not the basis of the trial court’s ruling. Since that issue was not determined by the trial court, nor briefed on this appeal, we do not consider it, other than to observe that res judicata remains a viable issue for determination by the trial court.