563 So.2d 107 (1990)
PEOPLES GAS SYSTEM, INC., Appellant,
v.
RSH CONSTRUCTORS, INC., Appellee.
No. 88-1984.
District Court of Appeal of Florida, First District.
May 7, 1990.
Rehearing Denied June 12, 1990.
William B. Taylor, IV, and Mary L. Taylor of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
G. Kenneth Norrie of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
ZEHMER, Judge.
Peoples Gas System, Inc., owner and third party plaintiff below, appeals the final summary judgment granted to RSH Constructors, Inc., contractor and third party defendant, on Peoples' third party complaint seeking enforcement of a contractual indemnity provision given by RSH. The trial court ruled that no specific consideration was given by Peoples to RSH for the contractual indemnification agreement and as a result the indemnification provision was void and unenforceable pursuant to section 725.06(2), Florida Statutes (1987). We conclude that the trial court erred in granting summary judgment on this issue.
Section 725.06 provides:
Any portion of any agreement or contract for, or in connection with, any construction, alteration, repair, or demolition of a building, structure, appurtenance, or appliance, including moving and excavating connected with it, or any guarantee of, or in connection with, any of them, between an owner of real property and *108 an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman, or between any combination thereof, wherein any party referred to herein obtains indemnification from liability for damages to persons or property caused in whole or in part by any act, omission, or default of that party arising from the contract or its performance shall be void and unenforceable unless:
(1) The contract contains a monetary limitation on the extent of the indemnification and shall be a part of the project specifications or bid documents, if any, or
(2) The person indemnified by the contract gives a specific consideration to the indemnitor for the indemnification that shall be provided for in his contract and section of the project specifications or bid documents, if any.
Subsections (1) and (2) are stated in the disjunctive, and the satisfaction of either one is sufficient to render an otherwise invalid construction contract indemnification clause enforceable under the statute. See Westinghouse Electric Corporation v. Turnberry Corporation, 423 So.2d 407 (Fla. 4th DCA 1983). Since the alleged agreement did not contain any monetary limitation, only subsection (2) is relevant to our decision.
The parties agreed at oral argument that for purposes of summary judgment the contract between them consisted of the following four documents:[1]
Supplement to the Contract and Standard Terms and Conditions for Contracted Work  PGS Form 450 and 451.
Standard Form of Agreement Between Owner and Contractor, AIA Document A111, 1978 Edition.
AIA Document A201/CM  General Conditions of the Contract for Construction, 1980 Edition.
PGS purchase order number SP-83858.
PGS Form 451 contains the following provision:
9. Contractor shall defend Company [Peoples] against claims or suits for injury, sickness or death of persons or damage or loss to property (including loss of use) caused in whole or in part by acts or omissions of Company or Contractor, their employees, agents, contractors or suppliers arising out of the performance of this contract. Contractor shall indemnify and hold Company harmless from and against damages, losses, costs and expenses (including attorneys' fees) which Company may incur by reason of such claims or suits. This obligation to defend, indemnify and hold harmless includes liability caused in whole or in part by the negligence of Company and liability resulting from injury, sickness or death of any employee of Contractor or subcontractor, regardless of whether such employee has been paid pursuant to any Workmen's Compensation law or other similar federal or state legislation for the protection of employees. One percent (1%) of the contract price represents specific consideration to Contractor for the indemnifications set forth in this contract.
Article 5 of AIA Document A111, the standard form of agreement between owner and contractor agreed to by the parties, provides:
COST OF THE WORK AND GUARANTEED MAXIMUM COST
5.1 The Owner agrees to reimburse the Contractor for the Cost of the Work as defined in Article 8. Such reimbursement shall be in addition to the Contractor's Fee stipulated in Article 6.
5.2 The maximum cost to the Owner, including the Cost of the Work and the Contractor's Fee, is guaranteed not to exceed the sum of ($2,188,000.00____); ...
In the event that maximum costs are less than $2,025,900.00, plus approved change orders, the savings will be split eighty-five percent to the Owner, fifteen percent to the Contractor. *109 A Guaranteed Maximum Cost is $2,025,900.00, Contractor's fee is $162,100.
Total Guaranteed Maximum Cost plus fee... ..$2,188,000.
Consideration by payment of a percentage of a defined amount is valid under Florida law. See e.g. Pacific Nat. Equity Co. v. Montgomery, 367 So.2d 729 (Fla. 4th DCA 1979); MacIntyre v. Green's Pool Service, Inc., 347 So.2d 1081 (Fla. 3d DCA 1977). The "specific consideration" required by section 725.06(2) need not be a dollar amount. In a fourth district case interpreting 725.06(2), Westinghouse Electric Corporation v. Turnberry Corporation, 423 So.2d 407 (Fla. 4th DCA 1982), the court held that early delivery of elevators, ahead of schedule, constituted "specific consideration" within the meaning of the statute. Since the early delivery of the elevators in Westinghouse constituted specific consideration under section 725.06(2), most assuredly the payment of a percentage amount pursuant to the agreement would satisfy the requirements of that section.
RSH conceded at oral argument that a genuine promise to pay constitutes specific consideration under the statute, but argued, consistent with the explicit ruling by the court below in the summary judgment, that the recited consideration was a mere empty recital that Peoples never intended to pay and is not sufficient to satisfy section 725.06(2). Here, however, not only was there a recital of a specified percentage (1%) of the contract price for the indemnity provision, the parties also agreed that about one-third of the contract price had been paid. Hence, the summary judgment found that Peoples paid to RSH for the work done "something under $1,000,000, perhaps in the range of three quarters of a million" and that RSH had done no further work after this payment. Drawing all inferences in favor of appellant, the party against whom the motion for summary judgment was brought, it would be fair for the trier of fact to find that 1% of this amount represents specific consideration given to RSH within the meaning of section 725.06(2). The record does not support the trial court's ruling as a matter of law that the agreement to pay was a mere sham.
RSH also contends that the phrase "if any" at the end of subsection (2) refers only to "bid documents" and argues that the indemnity is invalid unless there are "project specifications" that also contain a provision for specific consideration for the indemnity. We conclude, however, that such a provision need not be included in project specifications if there are no such specifications which are part of the construction contract. The placement of the only comma in the sentence in subsection (2) just before "if any" conveys an intent to require that specific consideration for the indemnification be provided in the indemnity section of the project specifications or in the bid documents only if there are in fact bid documents or project specifications made part of the construction contract. See Block, That "Dangerous Comma", LXII, No. 9, Fla.Bar J., 68-69 (1989).
RSH refers to a project manual, submitted during the period immediately preceding the execution of the contract, which contains the following language:
4.18.4 For ten dollars, acknowledged to be included and paid for in the Contract Sum, and other good and valuable consideration, the Contractor agrees to indemnify and hold harmless the Owner and his agents and employees in accordance with the provisions herein and in subparagraph 4.17.1. For ten dollars, to be paid by the Architect after execution of the Agreement by the Contractor and the Owner, the Contractor also agrees to indemnify and hold harmless the Architect and his agents and employees in accordance with the provisions herein and in subparagraph 4.17.1.
Project Manual at 00710-3. It argues that this project manual contains specifications applicable to this project and that the recital of consideration is invalid as a matter of law, citing American Oil Co. v. Hart, 356 F.2d 657 (5th Cir., 1966). However, the parties dispute whether the project manual is part of the construction contract and also dispute whether the project specifications in the manual consist of the full project manual, or consist only of that portion of the project manual beginning at section 01001 and entitled "GENERAL REQUIREMENTS." *110-112 Section 01001, entitled "General Requirements," is tabbed with a handprinted label stating: "Specifications," but there is nothing indicating at what time or for what purpose this page was so marked. Immediately preceding this page (by fourteen pages) is the indemnity language quoted above. Thus, even if the provisions of the project manual are relevant to the disposition of this case, it is perfectly obvious that factual issues remain to be tried on whether the manual is part of the contract and if so, what parts thereof are considered applicable specifications. However, as previously noted, counsel for RSH agreed at oral argument that for purposes of the summary judgment ruling now on appeal the contract documents do not include the project manual. This concession at oral argument was apparently made to avoid the factual issues that surround the use of this document in deciding this case. Consequently, neither we nor the court below are entitled to consider the project manual in passing on the sufficiency of the motion for summary judgment.
It was error for the court below to grant RSH summary judgment on this record. The judgment is reversed and the cause is remanded for further proceedings.
REVERSED and REMANDED.
SMITH and MINER, JJ., concur.
NOTES
[1] Counsel for RSH responded at oral argument: "For summary judgment purposes I'm prepared to agree with Peoples Gas that those four documents are the contract, period." While both parties maintained that the project manual was significant to the issues presented, nothing in the project manual was contended to be part of the contract.