GRIFFIN, J.
D. Douglas Rehman [“Rehman”], pro se, appeals the trial court’s entry of summary final judgment in favor of Lake County, Florida, [“Lake County”], Mid-Lake Holdings, LLC, Ashish Karve, Chaitrali Karve, and Albert E. Harthman [“collectively Harthman”].
The proceeding below was an action for declaratory and injunctive relief brought pursuant to section 163.3215, Florida Statutes. Rehman challenged Lake County’s approval through a development order of an application for rezoning of a piece of property that is located on State Road 44, and which is adjacent to his property. Rehman claims that the rezoning is inconsistent with Lake County’s Comprehensive Growth Management Plan [“the Comprehensive Plan”].
Prior to the application in April 2009 for rezoning, the parcel’s only allowable use was for a real estate office. Rezoning was sought to allow for an automotive repair and service shop. The Lake County Zoning Board held a public hearing and recommended that the rezoning ordinance be approved with some modifications. The Lake County Board of County Commissioners then conducted a public hearing and approved the rezoning ordinance with the changes recommended by the Zoning Board; thus allowing the construction and operation of an automotive service and repair facility or any other use fitting Lake County’s C-l zoning.
Rehman contends that the rezoning is contrary to the goals, policies, and objectives found in the Comprehensive Plan because: an automotive repair facility would be a source of noise and air pollution, would likely result in ground and groundwater pollution, would be a visual blight, would disturb the tranquility of the neighborhood, would result in significant traffic congestion that would increase the likelihood of traffic crashes, would not be located in a planned center, would be located at an intersection that already has an established automotive repair and service shop, would cause owners of neighboring parcels to convert those parcels from residential/agricultural to commercial use, and would promote the neighborhood changing to commercial urban sprawl.
Harthman filed a motion for summary judgment, asserting that, within the Comprehensive Plan, the subject property has a future land use designation of Urban Expansion with an overlay land use of Neighborhood Activity Center, that the Planned Commercial zoning district is a land use allowed in Lake County within the Urban Expansion land use designation, and that automotive repair use is allowed as a permitted use within the zoning category of Planned Commercial. The affidavit of Brian T. Sheahan, the Division of Planning & Community Design Director of the Department of Growth Management of Lake County, Florida, attesting to these facts, was filed in support of the motion for summary judgment.
Rehman’s response to the summary judgment motion did not dispute that the proposed use of the subject parcel is allowed within that parcel’s future land use category; rather, he reiterated his claim that the rezoning violates the “goals, policies, and objectives” of the Comprehensive *854 Plan. The trial court accordingly entered an order granting Harthman’s motion for summary judgment. Because the use approved by Lake County is not inconsistent with the land uses contained in the Comprehensive Plan, the trial court properly entered summary judgment on Rehman’s claim brought under section 163.3215, Florida Statutes. We find the remaining claim on appeal to be without merit and affirm without comment.
AFFIRMED.
TORPY and COHEN, JJ., concur.