MORRIS, Judge.
Appellee’s motion for rehearing is granted. The opinion dated February 1, 2013, is withdrawn and the following opinion is substituted therefor. Appellee’s motion for rehearing en banc is denied. No further motions for rehearing will be entertained.
Pilot Construction Services, Inc. (Pilot), appeals a final summary judgment entered on its cross-claims against Babe’s Plumbing, Inc. (Babe’s), in litigation initiated by New College against Pilot and Babe’s.[1] In moving for summary judgment, Babe’s argued that New College’s release of Babe’s in connection with their settlement barred Pilot’s claims against Babe’s. Babe’s also argued that Pilot’s indemnity claims were barred by section 725.06, Florida Statutes (2005). The trial court granted Babe’s’ motion for summary judgment. Based on the following analysis, we reverse.
I. Background
Pilot served as the general contractor on the renovation of a residence hall on New College’s Sarasota campus. After completion of the project, New College discovered that some of the subcontractors either failed to perform the work on the residence hall’s bathrooms and shower stalls pursuant to the plans and specifications or failed to make the necessary repairs. The defects resulted in leaks that caused significant damage to the residence hall. When the parties were unable to reach a resolution, New College filed suit.
*957 New College’s initial complaint alleged counts for breach of contract and breach of express warranty against Pilot. New College alleged that Pilot had breached its agreement with New College by “failing to properly manage the work, failing to properly assure quality control of the construction[,] and failing to properly supervise the work of subcontractors involved in the construction of the shower stalls.” New College also alleged a count of breach of express warranty against Babe’s, alleging that “there were numerous defects in the workmanship and materials and the work performed by Babe’s.” New College described the defects as including the “improper installation of shower pans, corner frames[,] and shower drains.”
After the suit was filed, Babe’s and New College entered into a settlement. New College then filed an amended complaint dropping Babe’s as a defendant but maintaining the same counts originally asserted against Pilot. The amended complaint alleged that Pilot breached the contract “by failing to properly manage the work on the [pjroject, failing to properly assure quality control of the construction of the [pjroject, and by failing to properly supervise and inspect the work of subcontractors involved in the construction of the [p]roject.” New College continued to allege that the shower pans and drains were improperly installed.
Pilot filed a cross-claim against Babe’s for indemnity. Pilot then settled with New College and was granted leave to amend its cross-claim against Babe’s to allege counts for indemnity, breach of warranty, and equitable subrogation. Pilot sought indemnity for the portion of its settlement sum paid to New College that was attributable to the work for which Babe’s was responsible. Pilot also alleged that Babe’s failed to honor its written warranty for work it performed on the project.
Babe’s moved for summary judgment, claiming that New College’s settlement with Babe’s included a release which covered any claims that Pilot could make against Babe’s and that section 725.06 barred Pilot’s claims of indemnity. Without stating its rationale, the trial court granted Babe’s’ motion and entered summary judgment in favor of Babe’s.
II. Discussion

A. Summary judgment

Summary judgment should be granted only when “there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law.” Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). “The party moving for summary judgment has the burden of establishing irrefutably that the nonmoving party cannot prevail.” Hervey v. Alfonso, 650 So.2d 644, 645-46 (Fla. 2d DCA 1995). “[I]f the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied.” Id. at 646. The standard of review for summary judgments is de novo. Redington Grand, LLP v. Level 10 Props., LLC, 22 So.3d 604, 607 (Fla. 2d DCA 2009).

B. The release

In support of their motion for summary judgment, Babe’s relied on the release between Babe’s and New College signed pursuant to their settlement. On appeal, Pilot claims that the release did not limit Pilot’s claims against Babe’s or absolve Babe’s of its liability to Pilot and that questions of fact exist regarding Babe’s’ or Pilot’s responsibility for the defects in the project. We agree.
*958 The release between Babe’s and New College included the following language: “Nothing within this Release is intended to be nor shall it be construed as any kind of waiver, limitation, or compromise to any claim or defense New College has or may have against any party or entity other than Babe’s Plumbing, Inc.” This provision reflects Babe’s’ and New College’s intent to not limit New College’s claims against other parties. However, the release also included language which releases Babe’s together with
any other person, firm, corporation or business entity that would in any way be vicariously liable for their negligence or legal responsibility, of and from any and all actions, causes of action, claims, demands, costs, loss of services, loss of consortium, expense and compensation, on account of, or in any way growing out of, any and all known and unknown damages resulting or to result from all causes of action arising in Sarasota County, Florida in connection with the work of Babe’s Plumbing, Inc. in the construction of a university residence hall....
This provision purports to release Babe’s for any claim another entity may have against Babe’s for Babe’s’ negligence or responsibility for the defects. The record before us is silent as to how the trial court reconciled these apparently conflicting portions of the release at issue in light of the facts in this case. After executing the release and settling with Babe’s, New College continued to assert its claims against Pilot, which Pilot argued were rooted in Babe’s’ faulty work. To the extent that the language of the release purports to bar Pilot’s claims against Babe’s, we conclude that it cannot preclude Pilot from pursuing its claims against Babe’s because the release was between Babe’s and New College and Pilot was not a party to the release. See Rebhan Leasing Corp. v. Trias, 419 So.2d 352, 353 (Fla. 3d DCA 1982) (holding that “[t]he fact that the active tortfeasors settled with the plaintiff does not release them from the claim for indemnification by the party held vicariously liable”); see generally Morgan Stanley DW Inc. v. Halliday, 873 So.2d 400, 403 (Fla. 4th DCA 2004) (recognizing the general rule that only parties to a contract are bound by that contract with the exception of third party beneficiaries). And Pilot was not an intended third-party beneficiary of the release and could not rely on the release as a defense to New College’s claims against Pilot because, as noted above, the language of the release specifically stated that it did not limit or waive New College’s rights against other parties. Therefore, the release did not clearly release Pilot from liability for New College’s claims. Cf. Abis v. Tudin, 18 So.3d 666, 669-70 (Fla. 2d DCA 2009) (holding that release signed by dog owner applied to certain claims against veterinarians not named in the release because the language specifically applied to all other persons for claims resulting from the sale, use, or administration of a veterinary drug); Enter. Leasing Co. v. Demartino, 15 So.3d 711, 714 (Fla. 2d DCA 2009) (holding that intended third-party beneficiary of release had standing to enforce the release because the language clearly released all persons from any and all claims arising from a particular incident).
The fact that Babe’s settled with New College does not release Babe’s from the claim for indemnification by Pilot, who may be liable to New College for Babe’s’ actions or inactions. In addition, the limiting provision of the release makes no mention of the breach of warranty claim, and Pilot’s action against Babe’s included such a claim. Therefore, even if the release could be read to apply to Pilot’s claims against Babe’s, the language of the release *959 would not operate to bar the warranty claim.
Because the language of the release does not apply to bar Pilot’s claims against Babe’s, the trial court erred in granting summary judgment against Pilot. There remain material issues of fact regarding whether Pilot’s responsibility to New College was based on Babe’s’ faulty work and, if so, whether Babe’s is liable to Pilot.

C. Section 725.06

Babe’s’ motion for summary judgment also argued that Pilot’s claims were barred by section 725.06 because Pilot was seeking indemnification from Babe’s for Pilot’s own negligence. See Fed. Ins. Co. v. W. Waterproofing Co. of Am., 500 So.2d 162, 164 (Fla. 1st DCA 1986) (holding that section 725.06 operates to bar indemnification “in circumstances wherein a party by contract seeks to obtain indemnification from another party for its own active negligence ”). Pilot argues on appeal that section 725.06 “only applies to circumstances where the first party agreed to indemnify the second party for the second party’s negligence.”
The 1997 version[2] of section 725.06 applicable to this case provides, in relevant part, that “[a]ny portion of any agreement or contract for ... any construction ... of a building ... wherein any party referred to herein obtains indemnification from liability for damages to persons or property caused ... by ... that party arising from the contract or its performance shall be void and unenforceable” unless the contract contains a monetary limitation and the person to be indemnified gives specific consideration in the contract. Id. This statute is inapplicable to the facts of this case as demonstrated in Alonzo Cothron, Inc. v. Upper Keys Marine Construction, Inc., 480 So.2d 136 (Fla. 3d DCA 1985). In that case, the Third District held that the trial court erred in granting summary judgment on the basis of section 725.06. 480 So.2d at 136. The court held that “[sjection 725.06 would apply if Cothron sought indemnification from Upper Keys for Cothran’s negligence.... [Hjowever, Upper Keys entered into a contractual agreement to indemnify Cothron for negligence by Upper Keys in the performance of its construction contract with Cothron.” 480 So.2d at 136-37 (emphasis added) (footnote omitted). The court held that the contractual provision providing for indemnification was valid. Id. at 137.
Section 725.06 would only bar Pilot’s claims for indemnification if Pilot’s claims were based on Pilot’s own negligence. A plain reading of Pilot’s claims against Babe’s shows that Pilot’s suit against Babe’s was based on Babe’s’ failures to correctly install shower pans and drains in the residence hall bathrooms. Whether the defects in the project resulted from Pilot’s negligent supervision of Babe’s or from Babe’s’ own negligence or both are disputed issues of material fact that preclude summary judgment in this case.
III. Conclusion
Summary judgment was improvidently granted in this case as there are disputed issues of material fact. Accordingly, we reverse the final summary judgment and remand for further proceedings.
LaROSE and CRENSHAW, JJ., Concur.

. There were several other parties and claims involved in the lawsuit below, but claims were settled and parties were dropped leaving the only remaining dispute between Pilot and Babe's.

. The contract between Babe’s and Pilot was signed in 1998.