MORRIS, Judge.
Robert J. Howell, Terry Hoppenjans, and Myles Friedland (Howell parties) appeal a final summary judgment entered in favor of Outlaw Ridge, Inc., in the Howell parties’ consistency action brought pursuant to section 163.3215(3), Florida Statutes (2012). In the action below, the Howell parties challenged a development order issued by Pasco County that conditionally approved Outlaw’s application to mine lim-erock using ancillary processing such as blasting, grinding, and crushing. Outlaw cross-appeals the final judgment, arguing that the trial court erred in denying its motion to dismiss the underlying action for lack of subject matter jurisdiction and failure to state a cause of action.[1] We find no merit to Outlaw’s cross-appeal, and we do not address it further. But we reverse the final summary judgment because we conclude that there were disputed issues of material fact regarding whether the development order was consistent with the County’s comprehensive plan.
I. BACKGROUND
As part of its comprehensive plan, Pasco County was required to adopt a future land use plan that designated the proposed future general distribution, location, and extent of countywide land uses. See § 163.3177(6)(a), Fla. Stat. (1990). Upon the adoption of the comprehensive plan, all future development within the County had to be in conformance with the plan. See § 163.3194(l)(a). In 1990, Pasco County’s 2025 comprehensive plan designated the future land use of Outlaw’s property and much of the surrounding land, including some of the Howell parties’ property, as Agricultural Rural (AG-R). The AG-R designation allows mining, but if the mining involves ancillary processing, special approval must be obtained from the Pasco County Board of County Commissioners. Ancillary processing may include, as in this case, blasting, crushing, and grinding in a processing plant.
The Howell parties are neighboring landowners to the property that was the subject of the limerock mining application. Since 2007, Outlaw has held a class I mining permit to mine sand on the property. In 2011, Outlaw sought a modification of its permit to extend .the time for sand mining and to allow limerock mining with ancillary processing. Initially, due to *14 neighborhood opposition, Outlaw was unsuccessful in obtaining approval for the limerock mining.[2] Outlaw then initiated proceedings pursuant to the Florida Land Use and Environmental Dispute Resolution Act. See § 70.51, Fla. Stat. (2011). Eventually, Outlaw, several neighboring landowners, and the County reached a mediated settlement agreement that was contingent upon the Pasco County Board of County Commissioners’ (the Board’s) approval of the limerock mining subject to several conditions. The Howell parties objected, but in May 2013, the Board approved Outlaw’s application, permitting limerock mining for fifteen years subject to forty-three performance conditions.
Following the approval, the Howell parties filed the underlying action, arguing that the approval was not consistent with the County’s comprehensive plan. Outlaw filed a motion for summary judgment on the consistency issue that was granted by the trial court and resulted in the order on appeal.
II. ANALYSIS
“Summary judgment should be granted only when ‘there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law.’ ” Pilot Constr. Servs., Inc. v. Babe’s Plumbing, Inc., 111 So.3d 955, 957 (Fla. 2d DCA 2013) (quoting Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)). “ ‘The party moving for summary judgment has the burden of establishing irrefutably that the nonmov-ing party cannot prevail.’ ” Id. (quoting Hervey v. Alfonso, 650 So.2d 644, 645-46 (Fla. 2d DCA 1995)). “A material fact, for summary judgment purposes, is a fact that is essential to the resolution of the legal questions raised in the case.” Cont’l Concrete, Inc. v. Lakes at La Paz III Ltd. P’ship, 758 So.2d 1214, 1217 (Fla. 4th DCA 2000). We employ a de novo standard of review for final summary judgments. See Pilot Constr. Servs., Inc., 111 So.3d at 957.
In the context of land development, section 163.3194(3), defines consistency as:
(a) A development order or land development regulation shall be consistent with the comprehensive plan if the land uses, densities or intensities, and other aspects of development permitted by such order.or regulation are compatible with and further the objectives, policies, land uses, and densities or intensities in the comprehensive plan and if it meets all other criteria enumerated by the local government.
(b) A development approved or undertaken by a local government shall be consistent with the comprehensive plan if the land uses, densities or intensities, capacity or size, timing, and other aspects of the development are compatible with and further the objectives, policies, land uses, and densities or intensities in the comprehensive plan and if it meets all other criteria enumerated by the local government.
At the summary judgment hearing, there were conflicting expert opinions presented on the issue of whether the development order was consistent with the county’s comprehensive plan as defined above. Outlaw presented an affidavit from the Pasco County Planning and Development Administrator, Richard E. Gehring, wherein he noted that mining was listed in the appendix to the comprehensive plan and he opined that “[t]he allowable land uses within the originally adopted AG-R land use designation are identical to those currently allowed and included ‘mining.’ ” But the Howell parties presented affidavits from a certified planner, Sue Ann Murphy, wherein she opined that “[l]imerock mining and ancillary processing ... is not *15 consistent with specific written objectives and policies in the” Pasco County Comprehensive Plan. Consequently, there was a disputed issue of material fact that could be resolved only by weighing the credibility of the experts and their opinions— something that is not permitted in a summary judgment proceeding. See Arce v. Haas, 51 So.3d 530, 531 (Fla. 2d DCA 2010); see also Cummins v. Allstate Indem. Co., 732 So.2d 380, 383 (Fla. 4th DCA 1999) (“If the affidavits and other evidence raise any doubt as to any issue of material faet[,] then a summary judgment may not be entered”).
Further, the trial court ruled that because mining was listed as a permissible use in the appendix, the limerock mining at issue was consistent with the comprehensive plan. However, the trial court overlooked the fact that where mining involves ancillary processing, special approval is required. The fact that the County included such a qualification for mining involving ancillary processing implies that such mining may not always be consistent with the comprehensive plan. And because there was conflicting testimony as to whether the ancillary processing proposed by Outlaw was consistent with the comprehensive plan, summary judgment could not be based on the mere fact that mining, in general, was listed as a permissible land use. That issue can only be resolved after an evidentiary hearing.
The trial court erred by entering a final summary judgment where disputed issues of material fact remained. We reverse and remand for further proceedings.
Reversed and remanded.
ALTENBERND and SILBERMAN, JJ., Concur.

. Outlaw asserted that the limerock mining was expressly excluded from the definition of "development” in section 380.04, Florida Statutes (2012), and, therefore, that the Howell parties could not bring an action pursuant to section 163.3215(3).

. Outlaw was successful in obtaining an extension of time to complete sand mining.