DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LITTLE CLUB CONDOMINIUM ASSOCIATION,** a Florida not-for-profit corporation, **NORTH PASSAGE HOMEOWNERS' ASSOCIATION,** a Florida not-for-profit corporation, and **DYNAMIC TOWERS INC.,** a Florida profit corporation,
Appellants,

v.

**MARTIN COUNTY,** a political subdivision of the State of Florida, **KENAI PROPERTIES, LLC** and **RG TOWERS, LLC,**
Appellees.

No. 4D17-2797

[November 21, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Barbara W. Bronis, Judge; L.T. Case No. 2016-CA-000863.

Tim B. Wright of Wright, Ponsoldt & Lozeau Trial Attorneys, L.L.P., Stuart, for appellants.

Jack J. Aiello, Christopher P. Benvenuto, and Brian M. Seymour of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for appellees Kenai Properties, LLC and RG Towers, LLC.

Sarah W. Woods, County Attorney, and Ruth A. Holmes, Senior Assistant County Attorney, Stuart, for appellee Martin County.

FORST, J.

Appellants Little Club Condominium Association, North Passage Homeowners' Association, and Dynamic Towers Inc. appeal the trial court's final summary judgment in favor of Appellees Martin County, RG Towers, LLC, and Kenai Properties, LLC. The trial court found that the Martin County Board of County Commissioners' approval of the construction of a wireless telecommunications (cellular or "cell") tower was consistent with the county's comprehensive growth plan as a matter of law. We affirm.

**Background**

RG Towers and Kenai Properties sought the county's approval to erect an eighty-foot cell tower, designed to look like a pine tree, within close proximity of residential homes in the communities of Little Club and North Passage. The homeowners' associations, along with Dynamic Towers, a competing cell tower company, intervened in a quasi-judicial hearing. Appellants argued that the cell tower would not be "stealth," as required under the county land development regulations for land with a residential land use designation. The test under the county's land development regulations to determine whether a cell tower is stealth is whether "an average person would be unaware of its presence as a tower." Martin Cty., Fla., Land Dev. Regulations § 4.792. The Martin County Board of County Commissioners ("the Board") approved the tower.

Appellants filed a petition for writ of certiorari to the Nineteenth Judicial Circuit Appellate Division, arguing the Board's "stealth" determination was not based on competent substantial evidence. At the same time, they brought a section 163.3215(3), Florida Statutes (2016) action in the trial court below. There, they argued the development order approving the cell tower was inconsistent with the county's comprehensive growth management plan, specifically Goal 4.4 and Objective 4.4D, which state:

> Goal 4.4. To eliminate or reduce uses of land that are inconsistent with community character or desired future land uses.
>
> . . . .
>
> Objective 4.4D. To continue to evaluate the Land Development Regulations and adopt revisions to address current issues before the County, such as:
>
> . . . .
>
> (2) Policy regarding communication towers (i.e., fall distance and lighting standards) . . . .

A secondary argument was that the cell tower was not stealth, making it inconsistent with Goal 4.4 and Objective 4.4D.

The trial court entered final summary judgment in Appellees' favor, holding "there can be no genuine issue of any material fact with respect to whether the development order at issue in this case is consistent with Goal 4.4 or Objective 4.4(D) because neither . . . are proper standards by which

to measure the consistency of the development order with the comprehensive plan." Before rendering final judgment, the trial court noted that Appellants' stealth challenge was confined to certiorari review, and that Appellants had a certiorari petition pending. This appeal followed. The appellate division of the circuit court has since denied the petition for certiorari review.

## Analysis

The standard of review of a summary judgment is de novo. *Pitcher v. Zappitell*, 160 So. 3d 145, 147 (Fla. 4th DCA 2015).

Appellants argue summary judgment was erroneous for the following reasons: (1) the trial court erred in finding Goal 4.4 and Objective 4.4D are not proper standards to measure consistency, especially in light of Appellants' expert's testimony that the proposed tower was inconsistent with the two provisions; and (2) the cell tower would not be stealth, making it inconsistent with the two provisions, which incorporate the land development regulations. Appellants' arguments lack merit, and we address each in turn.

Regarding Appellants' expert's testimony that the erection of the cell tower would be inconsistent with Goal 4.4 and Objective 4.4D, it is true that expert testimony may be presented in the form of an opinion "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue." § 90.702, Fla. Stat. (2016). *Cf. Gyongyosi v. Miller*, 80 So. 3d 1070, 1074 (Fla. 4th DCA 2012) (finding the trial court did not err in prohibiting an expert from defining the term "demolition" within the meaning of a safety regulation, as the issue was a question of law to be resolved by the trial court). However, objective 4.4D merely calls for a policy regarding communications towers—a policy which was in place. It does not prohibit particular tower designs. Thus, specialized knowledge could shed no further light on the matter.

Goal 4.4 is directed to eliminating nonconforming uses. The property is designated as residential in the land uses, which are part of the comprehensive plan. § 163.3194(3)(a), Fla. Stat. (2016). The land development regulations allow for cell towers in residential areas, provided that additions cannot be made to existing towers; the towers are stealth; and the towers cannot be placed in industrial, agricultural, or commercial

3

land use locations.  §§ 4.795.E, 4.796.B.[1]  *Cf. Rehman v. Lake Cty.*, 56 So. 3d 852, 853-54 (Fla. 5th DCA 2011) (finding the rezoning of a piece of property to commercial was consistent with the county comprehensive plan because the future land uses permitted the rezoning).  Therefore, as a matter of law, the tower was consistent with Goal 4.4, assuming it met the above-noted requirements.

*Howell v. Pasco County*, 165 So. 3d 12 (Fla. 2d DCA 2015), cited by Appellants, is distinguishable.  There, the trial court erred in granting summary judgment in light of conflicting expert reports.  *Id.* at 14-15.  The Second District reasoned that, although the mining operation in question was listed as a permissible use in the county comprehensive plan's appendix, special approval was required for ancillary processing, meaning that the trial court could not find as a matter of law that the mining was per se permissible. *Id.* at 15.  In *Howell*, specialized knowledge would have been helpful in understanding the character of the mining to determine whether it was consistent with the comprehensive plan.  Here, on the other hand, the plan provisions at issue do not address the required character of communication towers.  Therefore, the trial court rightly found, as a matter of law, that Goal 4.4 and Objective 4.4D were improper standards to evaluate the tower, and it was the land development regulations that applied.

To that end, Appellants maintained below and on appeal that the proposed tower would not be stealth pursuant to section 4.792 of the regulations.  This is essentially the same argument that was made in their certiorari petition—that the Board lacked competent substantial evidence to find that the tower was stealth.  The only difference is the standard of review applied, as Appellants explained at oral argument.[2]  Thus, Appellants attempted to pursue the same argument in two separate appeals.  This course of action, aside from taking two bites of the apple, risked inconsistent results.  The circuit appellate division might have found the Board lacked competent substantial evidence, and the trial court might have found the tower was stealth.  Thus, the trial court appropriately dismissed the stealth arguments below.  *Cf. Century Sur. Co.*

---

[1] Appellants do not argue that the cell tower could have been placed in a different land use area, likely because they wanted Dynamic's tower in the residential zone, just further removed from residential property.

[2] The circuit appellate division would have reviewed the Board's decision under the competent substantial evidence standard.  *See Town of Manalapan v. Gyongyosi*, 828 So. 2d 1029, 1032 (Fla. 4th DCA 2002).  Section 163.3215(3) provides the right to a de novo "action" before the trial court.

*v. de Moraes*, 998 So. 2d 662, 663 n.1 (Fla. 4th DCA 2009) ("Abatement has been utilized to terminate one of two actions pending simultaneously which involve the same parties and the same issues.").

This is not to say that Appellants could have challenged the Board's stealth determination in the trial court had they not filed the petition. Section 163.3215(3) permits only a challenge to a county board action, "which materially alters the use or density or intensity of use on a particular piece of property which is not consistent with the comprehensive plan." Land development regulations are not part of comprehensive plans. § 163.3177(1), Fla. Stat. (2016); *see also Buck Lake All., Inc. v. Bd. of Cty. Comm'rs of Leon Cty.*, 765 So. 2d 124, 127 (Fla. 1st DCA 2000) (holding that compliance with the comprehensive plan is to be determined by reference to "the objectives, policies, land uses, and densities and intensities in the comprehensive plan," not the implementing ordinances (quoting § 163.3194(3)(a), Fla. Stat. (1997))). Martin County's regulations provide that they are to work "in conjunction with the Martin County Comprehensive Growth Management Plan." Martin Cty., Fla., Land Dev. Regulations § 1.3. Objective 4.4D merely calls for revisions to regulations to reflect present and future policy choices "regarding communication towers"; it does not incorporate these regulations into the comprehensive plan. Therefore, the trial court lacked jurisdiction to review the stealth determination.

Because "traditional site plan review is a quasi-judicial act . . . , review other than on a consistency challenge is limited to certiorari." *City of Coconut Creek v. City of Deerfield Beach*, 840 So. 2d 389, 395 (Fla. 4th DCA 2003) (citing *Park of Commerce Assocs. v. City of Delray Beach*, 636 So. 2d 12, 15 (Fla. 1994)). In the instant case, the Board conducted an evidentiary hearing that was quasi-judicial in nature, and it made the factual determination that the cell tower would be stealth. Thus, Appellants' challenge under the regulations was confined to certiorari review.

## Conclusion

The trial court did not err in finding as a matter of law that the comprehensive plan provisions raised were not proper standards to evaluate the proposed cell tower. Because the county's land development regulations permit towers in residential areas, we cannot say that the proposed tower is inconsistent with Goal 4.4 without reviewing the Board's stealth determination—a challenge to which is confined to certiorari review. Therefore, we affirm this and all other issues on appeal.

*Affirmed.*

MAY, J., and HILAL, JENNIFER, Associate Judge, concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***