PER CURIAM.
We consolidate these appeals, sua sponte , to address common questions of law in these actions between Appellant, a general contractor, and Appellees, the subcontractors for a residential condominium construction project involving several buildings. After the condominium association brought an action against Appellant for defects in the construction, Appellant brought claims against Appellees for contractual and common law indemnification. The lower court granted Appellees' motions for summary judgment, concluding that the contractual indemnity claims were based upon a "void and unenforcable" contractual provision and that Appellant failed to allege the elements of common law indemnity. We affirm in part, reverse in part, and remand for further proceedings.
The contractual indemnity clauses at issue provide in material part:
11. Indemnity as to Liabilities. [Appellant] and the Owner shall not be liable or responsible for, and shall be saved and held harmless by [Appellees] from and against any and all suits, actions, losses, damages, claims, or liability of any character, type or description, including all expenses of litigation, court costs, and attorney fees arising out of, related to, directly or indirectly, the performance of the Subcontractor. Subcontractor's indemnity obligations hereunder shall apply regardless of whether or not the claims, damages, losses, and expenses or causes of action are caused in part by a party indemnified hereunder and regardless of whether or not the claim relates to a claim under the worker's compensation policy of Subcontractor. Such obligations to indemnify shall not be construed to negate, abridge, or otherwise reduce any other right or obligation of indemnification which would otherwise exist as *713 to any party or person in any other portion of this Subcontract under law.
(Emphasis added). The lower court concluded that the clauses were void and unenforcable pursuant to section 725.06, Florida Statutes (2004), which provides in relevant part as follows:
Any portion of any agreement or contract for or in connection with, or any guarantee of or in connection with, any construction, alteration, repair, or demolition of a building, structure, appurtenance, or appliance, including moving and excavating associated therewith, between an owner of real property and an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman or any combination thereof wherein any party referred to herein promises to indemnify or hold harmless the other party to the agreement, contract, or guarantee for liability for damages to persons or property caused in whole or in part by any act, omission, or default of the indemnitee arising from the contract or its performance, shall be void and unenforceable unless the contract contains a monetary limitation on the extent of the indemnification that bears a reasonable commercial relationship to the contract ....
(Emphasis added).
Because the subject indemnity clauses are only void and unenforcable as to the "portion" purporting to impose the indemnity obligation for the acts or omissions of Appellant, we conclude that the trial court erred in ruling that the entirety of the clauses are void. Cuhaci & Peterson Architects, Inc. v. Huber Constr. Co. , 516 So.2d 1096, 1097 (Fla. 5th DCA 1987) ; accord Pilot Constr. Servs., Inc. v. Babe's Plumbing, Inc. , 111 So.3d 955, 959 (Fla. 2d DCA 2013) (stating that section 725.06 would only bar indemnification claims based on indemnitee's own negligence); Linpro Fla. Inc. v. Almandinger , 603 So.2d 666, 667 n.1 (Fla. 1st DCA 1992) (notwithstanding void portion of indemnity clause for failure to comply with section 725.06, clause is otherwise enforceable to extent of indemnitor's own negligence); see also Mid-Continent Cas. Co. v. Constr. Servs. & Consultants, Inc. , No. 06-cv-80922, 2008 WL 896221, at *4 (S.D. Fla. Mar. 31, 2008) (concluding that section 725.06 only voided portion of contractual indemnity provision that attempted to impose duty to indemnify indemnitee for its own acts or omissions, but did not void entire indemnity provision).
As for the common law indemnity claims, the lower court concluded that common law indemnity was unavailable here because of the lack of a "special relationship" between Appellant and Appellees. We disagree. See CC-Aventura, Inc. v. Weitz Co. , No. 06-21598-CIV, 2009 WL 2136527, at *2 (S.D. Fla. July 13, 2009) (concluding that requisite special relationship exists between general contractor and subcontractor, and common law indemnity available to general contractor when general contractor sued for defects in construction attributable to work of subcontractor). Appellees' reliance on Paul N. Howard Co. v. Affholder, Inc. , 701 So.2d 402 (Fla. 5th DCA 1997), is misplaced. On this point, we agree with the analysis of our sister court in Diplomat Properties Limited Partnership v. Tecnoglass , 114 So.3d 357, 362 (Fla. 4th DCA 2013) (distinguishing Affholder because subcontractor's sole negligence in that case would have been complete defense to general contractor in personal injury action filed by third party).
We affirm the summary judgments granted on all other claims, in part based on some of the reasoning of the lower court and, in part, based on our conclusion that any distinct claims for damages alleged *714 by Appellant here (as distinguished from the owner/ association) are subsumed in its claims for indemnity. See Home Depot U.S.A. Co. v. Taylor , 676 So.2d 479, 480 (Fla. 5th DCA 1996) (explaining "tipsy coachman" rule).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
TORPY and LAMBERT, JJ., and TRAVER, D.E., Associate Judge, concur.